UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALAN HEIBEL, #237313,

    Petitioner,

                                            CASE NO. 2:08-CV-10979
v.                                       HONORABLE ANNA DIGGS TAYLOR

THOMAS K. BELL,

    Respondent.
_____/

**OPINION AND ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING REQUEST FOR PRODUCTION OF DOCUMENTS, AND (3) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.    Introduction**

Robert Alan Heibel ("Petitioner"), a state prisoner presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a request for production of documents. Petitioner pleaded *nolo contendere* to first-degree criminal sexual conduct (person under 13) in the Muskegon County Circuit Court and was sentenced to two to 15 years imprisonment in 2000.[1] In his pleadings, Petitioner challenges the 1992 amendments to the Michigan parole statutes and requests that he be released from custody.

---

[1]Petitioner has filed a previous habeas corpus petition in this District challenging the revocation of parole. *See* Case No. 07-CV-15038. That case was dismissed without prejudice on exhaustion grounds. In that case, Petitioner stated that he was released on parole on October 31, 2002. He subsequently violated the conditions of his parole and was returned to prison on or about May 21, 2003. The Court accepted these facts in its dismissal order.

1

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.; Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition for writ of habeas corpus must be dismissed.

**II. Discussion**

Petitioner alleges that the 1992 parole amendments violate several provisions of the Michigan Constitution, as well as the Ex Post Facto Clause of the United States Constitution. As an initial matter, the Court notes that the United States Supreme Court has definitively held that there is no right under the United States Constitution of a lawfully convicted person to be conditionally released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *see also Kentucky Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Simply stated, there is no federal constitutional right to parole. *See Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990).

While there is no federal constitutional right to parole, the Supreme Court has held that a convicted person may have a liberty interest created by a State's laws, a liberty interest which is

subject to constitutional protection. *See Thompson*, 490 U.S. at 460 (citing *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)). In deciding whether a liberty interest arises under the laws of a State, the Supreme Court closely examines the language of the State's relevant statutes and regulations. *Id.* at 461. "Stated simply," the Court explained, "'a State creates a protected liberty interest by placing substantive limitations on official discretion.'" *Id.* at 462 (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)). As the Court further advised:

> "A state may do this in a number of ways . . . the most common manner in which a State creates a liberty interest is by establishing "substantive predicates" to govern official decision-making . . . and, further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met.

*Id.* (citing *Hewitt*, 459 U.S. at 472). In order to find that a liberty interest arises under a State's laws, the Court has required "that the regulations contain 'explicitly mandatory language,' *i.e.*, specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." *Id.* (quoting *Hewitt*, 459 U.S. at 471-72).

Applying these standards, the Michigan Court of Appeals and the courts within the Sixth Circuit have concluded that a liberty interest in parole does not arise under Michigan law. *See Hurst v. Dep't. of Corr. Parole Bd.*, 119 Mich. App. 25, 29, 325 N.W.2d 615, 617 (1982); *Caldwell v. McNutt*, 158 Fed. Appx. 739, 740-41 (6th Cir. 2006); *Juarez v. Renico*, 149 F. Supp. 2d 319, 322 (E.D. Mich. 2001). The *Hurst* court found that Michigan's parole statute provides that a prisoner shall not be released until his minimum term of imprisonment has been served, but that it *allows* an early parole as an exception to the minimum term provision. *Hurst*, 119 Mich. App. at 29, 325 N.W.2d at 617. While the statute provides factors for the Parole Board to consider, it does not mandate parole if certain criteria are met. *Id.* The Michigan Court of Appeals concluded that the State's statute "creates only a hope of early release," rather than a right to release. *Id.* As Petitioner

3

has no protected liberty interest in parole, any due process claim that he is entitled to parole is not cognizable on federal habeas review. Moreover, Petitioner has not shown that he is being held beyond the expiration of his sentence.

Furthermore, to the extent that Petitioner asserts that the 1992 parole amendments violate several provisions of the Michigan Constitution, he has also failed to state a cognizable federal habeas claim. In order to demonstrate that he is entitled to habeas corpus relief, Petitioner must show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Petitioner, however, alleges various violations of the Michigan Constitution in his pleadings. "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Accordingly, Petitioner is not entitled to relief on his claims concerning perceived violations of the Michigan Constitution, or any other state laws.

Lastly, Petitioner asserts that the 1992 parole amendments violate the Ex Post Facto Clause of the United States Constitution. As aptly explained by another Judge in District:

> The Ex Post Facto Clause of the Constitution, U.S. Const. art. I, §§ 9 and 10, forbids the government from passing any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28, 101 S. Ct. 960, 964, 67 L. Ed. 2d 17 (1981) (internal quotation omitted). "To fall within the ex post facto prohibition, two elements must be present: (1) the law must apply to events occurring before its enactment, and (2) it must disadvantage the offender affected by it." *United States v. Reese*, 71 F.3d 582, 585 (6th Cir. 1995). "Retroactive application of parole provisions falls within the ex post facto prohibition if such an application creates a 'sufficient risk of increasing the measure of punishment attached to the covered crimes.'" *Dyer v. Bowlen*, 465 F.3d 280, 285 (6th Cir. 2006) (quoting *Garner v. Jones*, 529 U.S. 244, 250, 120 S. Ct. 1362, 1367, 146 L. Ed.2d 236 (2000)).
>
> A petitioner challenging the retroactive application of parole provisions can sustain his or her burden in one of two ways. *Michael v. Ghee*, 498 F.3d 372, 384 (6th Cir.

4

> 2007). "First, [petitioners] can establish an ex post facto violation if they can show that the [challenged parole provisions], on their face, show a significant risk of increased incarceration." *Id.* Second, "[w]hen the [challenged parole provisions] do not by their own terms show a significant risk, the [petitioner] must demonstrate, by evidence drawn from the [provision's] practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule." *Garner*, 529 U.S. at 255, 120 S. Ct. at 1370.

*Rouse v. Lafler*, No. 06-10724, 2007 WL 4239209, *3 (E.D. Mich. Dec. 3, 2007) (Duggan, J.).

In this case, Petitioner has not indicated how or to what extent the 1992 parole amendments have disadvantaged him. He has set forth no facts nor presented any evidence which shows that he has been prejudiced by enactment or application of the 1992 parole amendments. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998); *see also Zettlemoyer v. Fulcomer,* 923 F.2d 284, 301 (3rd Cir. 1991) (bald assertions and conclusory allegations do not provide a basis for an evidentiary hearing in habeas proceedings).

Petitioner cites *Foster Bey v. Rubitschun*, No. 05-71318 (E.D. Mich. Oct. 23, 2007) (Battani, J.), in his pleadings. In that case, Judge Battani found an ex post facto violation with regard to prisoners sentenced to "parolable" life terms based on the combined effect of several statutory amendments. *Foster Bey* does not support Petitioner's cause. First, *Foster Bey* is a class action which applies specifically to inmates serving parolable life sentences who committed crimes prior to October 1, 1992. Plaintiff, by contrast, is serving an indeterminate sentence, not a life sentence. Second, most of the 1992 parole amendments, deal with lifers, not prisoners serving indeterminate sentences. *See Morey v. Rubitschun*, No. 07-10747, 2008 WL 795657, *4 (E.D. Mich. March 25, 2008) (Duggan, J. adopting Magistrate Judge's Report & Recommendation). Third, Petitioner, unlike the plaintiffs in *Foster Bey*, has not presented any factual allegations or evidence in support

5

of his ex post facto claim.

Moreover, any claim that Petitioner has been disadvantaged by the 1992 parole amendments is belied by the fact that Petitioner was, in fact, released on parole in 2002. Petitioner has thus failed to show that the 1992 parole amendments will result in a longer period of incarceration for his crimes than under the prior parole statute. *See Rouse*, 2007 WL 4239209 at *4 (post-*Foster Bey* decision rejecting an ex post facto challenge to the 1992 parole amendments brought by a Michigan prisoner who was convicted of first-degree criminal sexual conduct and sentenced to 17 to 40 years imprisonment). Habeas relief is not warranted in this case.

## III. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims in his habeas petition and that the petition must be denied. Given this determination, the Court also concludes that Petitioner's request for production of documents should also be denied.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

6

*Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right such that a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis*, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus and the request for production of documents are **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed on appeal *in forma pauperis* are **DENIED**.

DATED: April 14, 2008                              **s/ Anna Diggs Taylor**
                                                   ANNA DIGGS TAYLOR
                                                   UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the foregoing Order of Dismissal and Judgment was served upon Petitioner by First Class U.S. mail on April 14, 2008.

Robert Heibel, #237313
Parr Highway Correctional Facility
2727 East Beecher St.
Adrian, MI 49221                                                 s/Johnetta M. Curry-Williams
                                                                                     Case Manager