UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALAN HEIBEL, #237313,

    Petitioner,

v.

CASE NO. 2:08-CV-10979
HONORABLE ANNA DIGGS TAYLOR

THOMAS K. BELL,

    Respondent.
    _____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

Before the Court is Petitioner's motion for relief from judgment [d/e 7] brought pursuant to Federal Rule of Civil Procedure 60(b)(6) concerning this Court's denial of his habeas corpus petition. Petitioner asserts that the Court erred in denying his petition because his claims challenging the 1992 parole amendments have merit.

Although Petitioner brings his motion pursuant to Rule 60(b), his motion actually seeks reconsideration of the Court's denial of his petition. A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3).

Further, even considering Petitioner's motion under Federal Rule of Civil Procedure

1

60(b), he is not entitled to relief.  Under that rule, a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).

Petitioner brings his motion pursuant to Federal Rule of Civil Procedure 60(b)(6) which has been narrowly interpreted to allow relief from judgment only in exceptional or extraordinary circumstances.  *See Blue Diamond Coal Co. v. Trustees of UMWA,* 249 F.3d 519, 524 (6th Cir. 2001); *Atkins v. Foltz,* 301 F. Supp. 2d 662, 663 (E.D. Mich. 2004).  Having reviewed the pleadings, this Court concludes that it did not err in denying the habeas petition.  Petitioner has not established that relief is warranted under the standards set forth in Rule 60(b).  There is no federal constitutional right to parole.  Petitioner's claims that the 1992 parole amendments violate several provisions of the Michigan Constitution are not cognizable on federal habeas review.  Petitioner has also failed to establish that the 1992 parole amendments violate his rights under the Ex Post Facto Clause of the United States Constitution.  Petitioner is not entitled to relief from judgment in this case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion is **DENIED**.

DATED: May 7, 2008                                  <u>s/Anna Diggs Taylor</u>
                                                    ANNA DIGGS TAYLOR
                                                    UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on May 7, 2008.

Robert Heibel, #237313
Parr Highway Correctional Facility
2727 East Beecher St.
Adrian, MI 49221                                    <u>s/Johnetta M. Curry-Williams</u>
                                                    Case Manager